IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3110-BO

| | |
|---|---|
| KAMAL K. PATEL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MACK BONNER, et al., )<br>    Defendants. ) | O R D E R |

Kamal K. Patel is a federal inmate who brought an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Religious Freedom Restoration Act ("RFRA"). On January 28, 2010, summary judgment was allowed for defendants and the case was closed. (D.E. # 41 and 42) On February 26, 2010, a notice of appeal was filed. (D.E. # 44) On April 13, 2010, the Fourth Circuit granted leave to proceed without full prepayment of fees on the terms imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b). (D.E. # 47) On October 8, 2010 plaintiff filed a motion for refund of his alleged excessive filing fee payments (D.E. # 50).

Within the claim, plaintiff challenges the method of collecting the filing fee. Plaintiff argues the filing fee should be collected sequentially, rather than simultaneous to his other filed civil actions. When the filing fee is collected sequentially, or "per prisoner," then the filing fee is limited to twenty (20) percent of the preceding month's income, no matter how many cases the prisoner has filed. When the filing fee is collected simultaneously, or "per case," twenty (20) percent of a plaintiff's income is collected for each individual action he has filed.

The Prison Litigation Reform Act altered § 1915 to provide that a prisoner who brings a civil action, or files an appeal, in forma pauperis ("IFP") is responsible for the entire amount of the normal civil action filing fee. See 28 U.S.C. § 1915(b)(l); see also United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). A prisoner proceeding IFP is not required to pay the entire amount to file the action. See 28 U.S.C. § 1915(b)(1). Rather, an initial partial filing fee is assessed by calculating the greater of twenty (20) percent of: (a) the average monthly deposits to a prisoner's trust account; or (b) the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint or the notice of appeal. Id. After the initial payment is made, a prisoner is required to make monthly payments of twenty (20) percent of the preceding month's income credited to his trust account each time the amount in the account exceeds ten dollars ($10.00).

The Fourth Circuit in Torres v. O'Quinn, 612 F.3d 237 (4th Cir. 2010), held that 28 U.S.C. § 1915(b)(2) requires no more than twenty (20) percent of an inmate's monthly income be deducted to pay filing fees, regardless of the total number of cases or appeals the inmate has pending at anyone time. Torres, 612 F.3d at 242. Accordingly, a "per case" collection of plaintiff's filing fees would violate Torres. The Fourth Circuit found the remedy for such a violation was an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. In initiating this action in the district court, however, plaintiff did not seek to proceed in forma pauperis and paid the full $ 350.00 filing fee. However, he did request and was granted in forma pauperis status for his appeal of this action and has a remaining $ 54.05 to satisfy the $ 455.00 fee. The payments for an appeal are remitted to the district court.

2

Case 5:08-ct-03110-BO   Document 54   Filed 06/08/11   Page 2 of 3

Under the circumstances of the initial $ 350.00 filing fee, just as in Torres, there is no unfairness in declining to refund any portion of that filing fee. Id. Secondly, as for the appeal fee of $ 455.00, no fees have been collected from the prisoner's trust fund since the filing of this motion. The court instructs the Clerk to inform the prison to follow Torres in the collection of the outstanding balance of the appeal fee. Accordingly, the court DENIES plaintiff's motion for a refund of the $ 350.00 filing fee in this court, and GRANTS the motion in that the Clerk is instructed to inform the prison to follow Torres as to the collection of the outstanding appeal balance.

SO ORDERED, this the 7 day of ~~May~~ June 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE